UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAJIV BEHL,<br><br>        Plaintiff,<br><br>    v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-00478-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF No. 9] |

Plaintiff Rajiv Behl filed this action in state court asserting one federal law claim and eight state law claims against Defendants Specialized Loan Servicing, LLC ("SLS") and First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-FFC, U.S. Bank National Association, as Trustee, successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank National Association, as Trustee ("U.S. Bank"). Behl alleges that Defendants failed to comply with various laws in servicing his lien mortgage. Defendants removed the action to this Court on February 1, 2023.

Before the Court is Defendants' Motion to Dismiss. Mot., ECF No. 8. Plaintiff Rajiv Behl has not filed an opposition or otherwise appeared before this Court. And it does not appear that Plaintiff's attorney is a member of this Court's bar. Defendants have filed proofs of service showing that they served Plaintiff's counsel with the notice of removal and motion to dismiss at the address listed on Plaintiff's pleadings in the underlying state court proceedings. *See* Not. of Removal 5, ECF No. 1; Mot. 18; Compl., at p.1, ECF No. 1-1.

For the foregoing reasons, Defendants' motion to dismiss Behl's federal law claim is GRANTED WITHOUT LEAVE TO AMEND. The Court declines to exercise supplemental jurisdiction over Behl's state law claims.

## I. BACKGROUND

On December 5, 2006, Rajiv Behl obtained a mortgage loan in the amount of $108,000 ("Subject Loan") on real property at 854 N. 16th Street, San Jose, California, 95112 ("Subject Property"). Compl. ¶¶ 1,10 & Ex. A ("Deed of Trust"), ECF No. 1-1. The lender was First Franklin, a Division of National City Bank ("First Franklin") and the trustee was Cornerstone Title Company. *See* Deed of Trust 1. The mortgage loan is the second lien mortgage on the property. Compl. ¶ 15; Deed of Trust 1. The Deed of Trust was recorded on December 8, 2006, as Instrument No. 1921949. Compl. ¶ 10; Deed of Trust 1.

On June 15, 2021, First Franklin assigned the Deed of Trust to Defendant U.S. Bank. Compl. ¶ 11 & Ex. B ("Assignment"). The assignment was recorded on July 22, 2021, as Instrument No. 25037071. Compl. ¶ 11; Assignment 1.

On October 21, 2021, a Substitution of Trustee was recorded with the Santa Clara County Clerk substituting Affinia Default Services, LLC, as trustee of the Deed of Trust. *See* Def's Req. for Judicial Not. ("RJN") Ex. 4 ("Substitution"), ECF No. 9-1.[1] The Substitution was recorded as Instrument No. 25120671.

That day, a Notice of Default and Election to Sell Under Deed of Trust was recorded with the Santa Clara County Recorder's Office. *See* Compl. ¶ 12 & Ex. C ("Notice of Default") (showing recording on October 1, 2021). The Notice of Default stated that a breach of the obligations in the Deed of Trust had occurred. Notice of Default 3. The Notice of Default was recorded as Instrument No. 25120672.

---

[1] In support of their motion, Defendants submit a request for judicial notice of various documents. Rule 201 of the Federal Rules of Evidence allows courts to take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b). The documents include deeds of trust, the assignment of the Deed of Trust, the Substitution, a Notice of Default, and a Notice of Trustee's sale. The documents were recorded with the Santa Clara County Recorder's Office, as shown by the date stamps and record numbers. Behl has not appeared or otherwise objected to the judicial notice of these documents. Behl included certain of these documents as attachments to his complaint. The Court GRANTS the request for judicial notice. *See Hinojosa v. Wells Fargo Bank*, C-12-0483 EMC, 2012 WL 3313554, at *1 n.1 (N.D. Cal. Aug. 13, 2012) (granting judicial notice of deed of trust, notice of default, substitution of trustee, and corporate assignment of the deed of trust); *Gamboa v. Tr. Corps*, 09-0007 SC, 2009 WL 656285 at *2-3 (N.D. Cal. Mar. 12, 2009) (granting judicial notice of various documents concerning a foreclosure sale, including notice of default, substitution of trustee, assignment of deed of trust, and notice of trustee sale).

2

1   On February 10, 2022, a Notice of Trustee's Sale was recorded with the Santa Clara County Recorder's Office. *See* Compl. ¶ 13 & Ex. D ("Notice of Trustee's Sale"). The Notice of Trustee's Sale set April 20, 2022, as the sale date of the Subject Property. Compl. ¶ 13; Notice of Trustee's Sale 1. Behl alleges that the property was sold on that date. Compl. ¶ 13.

Behl's March 2022 statement on the loan showed an amount due of $17,847. Compl. ¶ 14 & Ex. E ("March 2022 Loan Statement"). Behl alleges that he did not receive any statement on his loan from June 2009 to July 2021. Compl. ¶ 41. He also alleges that "back since 2008, [he] has not received statements as also required by Title 12 C.F.R. § 1026.7." Compl ¶ 16.

Behl filed this action in state court on December 30, 2022. *See* Compl. Defendants removed to this Court based on federal question jurisdiction. Not. of Removal ¶ 8, ECF No. 1.

The complaint asserts one federal law claim and eight state law claims. Behl brings his federal law claim for violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1640 (Claim 4). Behl brings his state law claims for violation of California Civil Code § 2923.5 (Claim 1); violation of California Civil Code § 2924(a)(1) (Claim 2); violation of California Civil Code § 2924.9 (Claim 3); violation of California Civil Code § 1788.30 (Claim 5); violation of California Financial Code § 4978(a) and Article XV, Section 1, of the California Constitution (Claim 6); wrongful foreclosure (Claim 7); unfair business practices in violation of the California Business and Professions Code § 17200, et seq. (Claim 8); and cancellation of written instruments under California Civil Code § 3412 (Claim 9).

**II.    LEGAL STANDARD**

"A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241−42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2011)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deduction of fact, or unreasonable

3

inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not contain detailed factual allegations, "it must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendants move to dismiss all of Behl's claims.  The Court will address Behl's federal law claim and then address Behl's state law claims.

### A. Federal law Claim: Alleged Violation of the Truth in Lending Act (Claim 4)

Behl alleges that Defendants violated several regulations implementing the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.  Specifically, Behl alleges that SPS violated 12 C.F.R. § 1026.41 by failing to provide periodic statements for the Subject Loan from June 2009 to July 2021.  Compl. ¶¶ 41-43.  Behl further alleges that he SPS either improperly accrued interest on his loan while it was charged off in violation of 12 C.F.R. § 1026.5(b)(2)[2], or if the loan was not charged off, violated TILA's monthly statement mandate under 12 C.F.R. § 1027.  Compl. ¶ 45.  Behl seeks damages under 15 U.S.C. § 1640(a).  Compl. ¶¶ 48, 50.  He also seeks rescission of the Subject Loan under "15 C.F.R. § 1639(j)"—a regulation that, as far as the Court can tell, does not exist.  Compl. ¶¶ 49, 51.

Defendants move to dismiss Behl's TILA claim on two bases.  First, Defendants argue that the claim is barred under the statute of limitations.  Second, Defendants argue that Behl has failed to allege actual damages.

The Court first addresses Defendants' statute-of-limitations argument.  In general, TILA claims are subject to a one-year statute of limitations from the date of the occurrence of the violation.  *See* 15 U.S.C. § 1640(e).  One exception that is possibly relevant in this case is that violations of 15 U.S.C. §§ 1639, 1639b, or 1639c are subject to a three-year statute of limitations

---

[2] If a loan is "charged off," the loan servicer will not charge any additional fees or interest on the account.  *See* 12 C.F.R. § 1026.41(e)(6)(i)(A).

4

from the date of the occurrence of the violation. *See id.*

Here, Behl's claims for damages are barred under the one-year statute of limitations. Behl alleges that he did not receive any statement on his loan from June 2009 to July 2021. Behl did not file his complaint until December 30, 2022. Thus, on its face, the complaint alleges that Behl's claim is barred by TILA's statute of limitations.

Behl's request for rescission under "15 C.F.R. § 1639(j)" does not take his claim out of the one-year statute of limitations. As noted above, it appears that this regulation does not exist and therefore cannot support a viable claim. *Cf. Majano v. Specialized Loan Servicing, LLC*, No. 2:22-CV-07156-ODW-SKx, 2023 WL 2918729, at *2 n.4 (C.D. Cal. Apr. 12, 2023) ("[Plaintiff] cites to 15 C.F.R. § 1639(j), a statutory provision which, as far as this Court can tell, does not exist."). The Court has considered that the complaint may contain a scrivener's error and that Behl intended to invoke 15 U.S.C. § 1639(j), which may be subject to a three-year statute of limitations. *See* 15 U.S.C. § 1640(e). But it is unclear to the Court how this statute would apply to Behl's claim as pled or entitle Behl to rescission. *Turcios v. Specialized Loan Servicing LLC*, No. CV 21-7506-GW-JEMX, 2022 WL 19569534, at *2 n.1 (C.D. Cal. Jan. 18, 2022) ("Section 1639(j) has nothing to do with any right of rescission (under TILA or otherwise)."). Accordingly, the Court finds that Behl's invocation of "15 C.F.R. § 1639(j)" does not take his claim out of the one-year statute of limitations.

And Behl's allegation that "back since 2008, [he] has not received statements as also required by Title 12 C.F.R. § 1026.7" also does save his claim, as this is a legal conclusion, which the Court need not accept as true. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions that plausibly give rise to an entitlement to relief." (citations and internal quotations omitted)).

Accordingly, the Court finds that Behl's claim is barred by the TILA's statute of limitations.

The Court next turns to Defendants' assertion that Behl's claim must be dismissed because Behl has not alleged actual damages. Under TILA "actual damages are only available if the plaintiff actually relied to his detriment on the allegedly incomplete or inaccurate disclosures."

5

*Schuster v. Citibank (S. Dakota), N.A.*, No. 00-CV-5940-LMM, 2002 WL 31654984, at *3 (S.D.N.Y. Nov. 21, 2002) (collecting cases) (citing *In re Smith,* 289 F.3d 1155, 1157 (9th Cir. 2002)). Here, the complaint is devoid of any allegations of detrimental reliance. And as noted above, Behl has not offered a plausible basis for his rescission request. Thus, Behl's claim is subject to dismissal for failure to allege detrimental reliance.

It does not appear to the Court that Behl would be able to cure these deficiencies through an amended pleading. Accordingly, Defendants' motion to dismiss Behl's TILA claim is GRANTED WITHOUT LEAVE TO AMEND.

Before turning Behl's state law claims, the Court notes that it disagrees with Defendants' interpretation of Behl's claim for violation of the Rosenthal Fair Debt Collection Practice Act (Claim 5) as asserting a federal law claim. Although the federal Fair Debt Collection Act and California's Rosenthal Fair Debt Collection Act may overlap, Behl has pled the claim under California Civil Code § 1788.30. *See* Compl., at p.9. Accordingly, Behl has asserted this claim only under state law.

### B. State Law Claims

As noted above, Behl asserts eight state law claims. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Here, the Court has dismissed Behl's federal law claim. And it appears that the Court does not have diversity jurisdiction over the other claims, as the complaint does not contain allegations that would establish diversity of the parties. Compl., ¶¶ 1-3. Moreover, Defendants' notice of removal expressly bases removal on "the existence of federal question jurisdiction." Not. of Removal ¶ 8. The Court therefore declines to exercise supplemental jurisdiction over Behl's state law claims. The state law claims are REMANDED to Santa Clara County Superior Court.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss Plaintiff's claim for violation of the Truth in Lending Act (Claim 4) is GRANTED WITHOUT LEAVE TO AMEND.

2. The Clerk shall REMAND the remainder of this action to Santa Clara County Superior Court and close the case.

Dated: August 8, 2023

_____
BETH LABSON FREEMAN
United States District Judge